**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| | ) | |
| **EDGAR FABIAN VILLASENOR GARCIA** | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | **CASE NUMBER: 1:21-CR-480-BAH** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTION**
**FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

The United States of America respectfully moves this Court to deny Edgar Fabian Villasenor Garcia's ("Petitioner") *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. ECF No. 45 ("Motion" or "Mot."). In his Motion and supporting memorandum, Petitioner argues that his sentence should be vacated because it was imposed in violation of his Sixth Amendment right to effective assistance of counsel. *See* ECF No. 45–1, at 1. Petitioner's claim lacks merit, and accordingly, the Government respectfully requests that this Court deny his Motion without a hearing.

**PROCEDURAL HISTORY**

On July 19, 2021, a federal grand jury returned an Indictment charging Petitioner with conspiracy to distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine, intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States in violation 21 U.S.C. §§ 959(a), 960(b)(1)(B)(ii), 960(b)(1)(H), and 963, and 18 U.S.C. § 2 ("Count One"), and one count of using, carrying, and possessing a firearm in furtherance of Count One, in violation of 18 U.S.C. §§

924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 2 ("Count Two"). ECF No. 1.

On September 18, 2023, Petitioner was extradited to the United States from Mexico. On November 21, 2024, he pleaded guilty pursuant to a Plea Agreement to Count One. ECF Nos. 28–30. On February 21, 2025, this Court sentenced the Petitioner to 20 years and 10 months' imprisonment and granted the Government's motion to dismiss Count Two pursuant to the Plea Agreement. ECF No. 42; Hr'g Tr. 41:4–10, Feb. 21, 2025.

Nearly eight months later, on October 10, 2025, Petitioner filed his Motion. ECF No. 45.

### THE PETITIONER'S SECTION 2255 CLAIMS

Petitioner contends that his sentence violates the Sixth Amendment right to effective assistance of trial counsel. ECF No. 45–1, at 1.

He alleges that counsel, Mr. Anthony Martin, was constitutionally ineffective because he (1) failed to explain the proceedings and hearings in a manner that Petitioner—whose primary language is Spanish—could understand and there "were no translators . . . during the proceedings and meetings," *id.* at 3, 5–6, and (2) failed to advocate for Petitioner by not contesting facts in the plea paperwork and not apprising Petitioner of important developments in his case, *id*. at 4–6.

### LEGAL STANDARD

### I.    Generally Permissible Claims Under 28 U.S.C. § 2255

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence based on four grounds: (1) that the "sentence was imposed in violation of the Constitution or laws of the United States," (2) that the "court was without jurisdiction to impose such sentence," (3) that the "sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255.

2

A motion under Section 2255 is "an extraordinary remedy and not a substitute for a direct appeal." *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968); *United States v. Pollard*, 959 F.2d 1011, 1020 (D.C. Cir. 1992). To gain collateral relief under Section 2255, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982); *see also United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973) (noting "the preponderance of evidence support[ed] the judgment rejecting petitioner's claim," even if the record was "not entirely free from doubt"); *Bedewi v. United States*, 583 F. Supp. 2d 72, 76 (D.D.C. 2008).

Section 2255 petitioners are, however, procedurally barred from collaterally raising certain claims. *Frady*, 456 U.S. at 167; *Strickland v. Washington*, 466 U.S. 668, 697–98 (1984). For example, Section 2255 bars collaterally raising constitutional or jurisdictional claims that could have been, but were not, raised on direct appeal, unless (1) the petitioner can demonstrate "cause" excusing his or her procedural default[1] *and* "actual prejudice" resulting from the errors of which he or she complains,[2] (2) the petitioner's claim is of ineffectiveness of counsel, or (3) the petitioner

---

[1] To demonstrate "cause" a petitioner must prove that some "objective factor external to the defense" impeded efforts to raise an issue in trial or on direct appeal. *United States v. Moore*, 75 F. Supp. 3d 568, 572 (D.D.C. 2014) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). A petitioner may show cause by demonstrating that some "factual or legal basis for a claim was not reasonably available to counsel," or that "some interference by officials made compliance impracticable." *Id.*

[2] To demonstrate "actual prejudice" a petitioner must show that errors at trial "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Moore*, 75 F. Supp. 3d at 572 (citing *Frady*, 456 U.S. at 170)). At the very least, a petitioner must demonstrate that "there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different." *Moore*, 75 F. Supp. 3d at 572 (citing *Strickland*, 466 U.S. at 694; *United States v. Dale*, 140 F.3d 1054, 1056 n.3 (D.C. Cir. 1998)).

is "actually innocent." *Frady*, 456 U.S. at 167; *Strickland*, 466 U.S. at 697–98; *Murray*, 477 U.S. at 496; *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Massaro v. United States*, 538 U.S. 500, 508 (2003); *United States v. Hughes*, 514 F.3d 15, 17 (D.C. Cir. 2008); *Moore*, 75 F. Supp. 3d at 572.

If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a district judge may deny the motion without a hearing. *Pollard*, 959 F.2d at 1030 (quoting 28 U.S.C. § 2255); *United States v. Morrison,* 98 F.3d 619, 625 (D.C. Cir. 1996). A federal district court is not required to hold a hearing before denying a Section 2255 motion if a petitioner's allegations are vague, conclusory, palpably incredible, or unsupported by the existing record. *Machibroda v. United States*, 368 U.S. 487, 495 (1962).[3]

## II.    Ineffective Assistance of Counsel Claims Under 28 U.S.C. § 2255

The Sixth Amendment entitles criminal defendants to the effective assistance of counsel at all critical stages of a criminal proceeding, including trial, sentencing, and appeal. *Bobby v. Van Hook*, 558 U.S. 4, 7 (2009); *Missouri v. Frye*, 566 U.S. 134, 140 (2012); *Lafler v. Cooper*, 566 U.S. 156, 164–65 (2012); *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

To prevail on a Section 2255 claim of ineffective assistance of counsel under the *Strickland* standard, a petitioner bears the burden of demonstrating that his or her counsel's performance in trial or post-conviction proceedings was (1) "professionally unreasonable" and (2) "prejudicial" to the petitioner. *Strickland,* 466 U.S. at 688, 691–92. If a petitioner fails to prove either element, the

---

[3] In *Simmons v. United States*, the Supreme Court held that "[a] petitioner's failure to explain causation adequately may be proper cause for the court to provide clear guidance and an opportunity to remedy, or to hold an evidentiary hearing to determine the relevant facts . . ." 142 S. Ct. 23, 25 (2021).

claim for ineffective assistance of counsel fails. *Id.* at 700.

With respect to the first element of professionally unreasonable conduct, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A petitioner must demonstrate that his or her counsel's performance "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 687. With respect to the second element of prejudicial conduct, a petitioner must demonstrate his or her counsel's errors deprived the petitioner of a fair trial. *Id.* Specifically, the petitioner must show that there is a "reasonable probability that, but for [his or her] counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.*

## ARGUMENT

### A. The record in this case contradicts Petitioner's allegations.

Petitioner alleges that his counsel was deficient in essentially two ways. His allegations, however, lack merit.

First, Petitioner claims he did not understand his defense strategy or what was occurring at each hearing or meeting with his counsel because Petitioner's primary language is Spanish and there "were no translators . . . during the proceedings and meetings." ECF No. 45–1, at 3. The record clearly shows otherwise. Defendant benefited from courtroom interpreters at all proceedings, including during his change-of-plea and sentencing hearings. This Court explained to Petitioner in detail the purpose of each hearing. *See* Hr'g Tr. 3:21–4:3, Nov. 21, 2024; Hr'g Tr. 2:25–3:11, Feb. 21, 2025. At no point did Petitioner indicate he could not understand the discussions in Court or the purpose of any hearing.

Moreover, during the pendency of his case, at no point did Petitioner inform the Court that he faced a language barrier when communicating with his counsel or a fundamental disagreement about his defense strategy—even though this Court inquired about his satisfaction with his counsel. Hr'g Tr. 6:7–4:14, Nov. 21, 2024; *see also* Martin Aff. at 3–4, attached hereto as Exhibit A (detailing Petitioner's counsel's Spanish proficiency level, the presence of native Spanish speaker assistants during debriefing and discovery review sessions, and translation of plea paperwork for Petitioner); ECF No. 29 (Spanish version of the Plea Agreement). This Court should reject Petitioner's belated and unsupported claims that he did not understand his legal options, defense strategy, or proceedings.

Second, Petitioner claims that his counsel failed to advocate for him by not contesting facts stated in the plea paperwork and not apprising Petitioner of "important developments" in his case. Mot. at 5–6. As a result, Petitioner claims he "reluctantly agreed to sign" a "flawed" plea agreement based on "misleading information"—specifically, a promise of a ten-year sentence. *See* ECF No. 45–1, at 5–6. These allegations too are contradicted by the record in this case, as well as Petitioner's prior statements he made under oath before this Court. Further, Petitioner's counsel denies telling Petitioner that he would receive a ten-year sentence. Martin Aff. at 6.

At his change-of-plea hearing, Petitioner confirmed that he was satisfied with the services of his attorney and had enough time with his counsel to discuss the case, the evidence against him, the plea paperwork, and whether or not he should accept the Plea Agreement. Hr'g Tr. 6:7–14, Nov. 21, 2024. Petitioner received a Spanish version of his Plea Agreement, which he reviewed in detail with his counsel. *See* ECF. No. 29. The Plea Agreement has check marks next to each point that Petitioner discussed with his counsel, as well as Petitioner's initials on several pages. ECF

Nos. 28–30. Petitioner also signed the acknowledgment page of the Plea Agreement, certifying that he had reviewed the agreement "at length" with his counsel, that he "fully" understood the agreement, and that he "agree[d] to the information contained" therein "voluntarily" and "without reservation," intending "to be legally bound" by it.  ECF No. 29, at 9. That certification noted Peitioner's agreement that no promises or understandings were made except those in the Plea Agreement, as well as his satisfaction with his counsel. *Id.* Petitioner signed a similar "acknowledgment" page for the stipulated statement of facts. ECF No. 30, at 9.

Nevertheless, this Court again reviewed and confirmed Petitioner's understanding of the plea paperwork—including his aliases and the facts about his conduct, which were read and interpreted in Court. Hr'g Tr. 14:11–19:5, 16, Nov. 21, 2024. The Court showed the plea paperwork to Petitioner, confirming they bore his signature. Hr'g Tr. 12:1–12:12, 16, Nov. 21, 2024.  The Court also expressly confirmed that no promises were made to Petitioner regarding his ultimate sentence—which Petitioner affirmed under oath. Hr'g Tr. 24:4–16, Nov. 21, 2024.

Despite this record, almost a year after his guilty plea, Petitioner claims he "lie[d]" to the Court about his satisfaction with his counsel and his understanding of, and agreement with, the terms and facts in the plea paperwork. ECF No. 45–1, at 5–6. Petitioner's admission that he lied to this Court under oath "[e]xpecting a favorable outcome," in and of itself, is sufficient to reject his allegations and deny his Motion. ECF No. 45–1, at 2.

**B.  Petitioner Cannot Meet the *Strickland* Standard.**

Petitioner faces a heightened standard at this stage of the case to obtain relief under Section 2255. *Frady*, 456 U.S. at 166. He cannot meet that burden.

First, Petitioner has not shown that his counsel's services were "professionally unreasonable." *Strickland,* 466 U.S. at 688, 691–92. In fact, his own Motion shows his counsel

advocated for a favorable plea agreement on Petitioner's behalf. For instance, Petitioner admits that Count Two of the Indictment was dismissed pursuant to the Plea Agreement. ECF No. 4. The Plea Agreement also did not include a role enhancement for Petitioner—an enhancement that he "contested." *See* ECF No. 45–1, at 4 (noting "Petitioner contested" among others "the leadership role in the conspiracy"); *see also* ECF No. 28–30 (discussing no leadership role). Defense counsel asking Petitioner "often" about what he wanted to do in his case is not tantamount to "fail[ing] to render adequate legal assistance." *See* ECF No. 45–1, at 4–5 (claiming "no substantial legal guidance [was] offered" because counsel often asked Petitioner "What should I do? without offering Petitioner legal option or advice" while noting that counsel advised against taking the case to trial and warned that Petitioner "would receive a substantially longer sentence").

Second, Petitioner cannot demonstrate that "there is a reasonable probability that, but for [the alleged errors], the result of the proceeding would have been different." *Moore*, 75 F. Supp. 3d at 572 (citing *Strickland*, 466 U.S. at 694; *Dale*, 140 F.3d at 1056 n.3). Petitioner does not deny the facts presented against him during his change-of-plea or sentencing hearings—facts upon which the Court relied to accept his guilty plea and issue a sentence in this case. Petitioner merely denies using the aliases noted in his plea paperwork, which even if granted, changes nothing about the outcome of his case given that he stood before this Court and admitted to his criminal conduct as stated in his plea paperwork.

In short, Petitioner cannot meet either element of the *Strickland* standard. Given that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," this Court should deny Petitioner's Motion without a hearing. *See Pollard*, 959 F.2d at 1030.

## CONCLUSION

For the reasons stated herein, the Government respectfully asks the Court to deny Petitioner's Motion without a hearing.

Respectfully submitted this 1st day of December 2025.

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

By:      */s/ Kaitlin Sahni*
Kaitlin Sahni
Trial Attorney
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice
1400 New York Ave, NW
Washington, D.C. 20005
Tel.:   (771) 241-0360
Email: Kaitlin.Sahni2@usdoj.gov

Exhibits

A.  Martin Affidavit
    1.  September 2023 Order
    2.  Plea Offer
    3.  Plea Agreement (English)
    4.  Plea Agreement (Spanish)
    5.  Record of Meetings
    6.  Meeting Notes
    7.  Advisory Letter
    8.  Record of Meetings with Government Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via ECF to counsel of record for the Petitioner, this 1st day of December 2025.

By:     */s/ Kaitlin Sahni*
        Kaitlin Sahni
        Trial Attorney
        Money Laundering, Narcotics
        and Forfeiture Section
        Criminal Division
        U.S. Department of Justice
        1400 New York Ave, NW
        Washington, D.C. 20005
        Tel.:   (771) 241-0360
        Email: Kaitlin.Sahni2@usdoj.gov